## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

WILDERNESS DEVELOPMENT, LLC,            CV 08-54-M-JCL
a Montana limited liability
company,

                 Plaintiff,

     vs.

                                ORDER

NANCY HASH, and the
ESTATE OF DAVID A. HASH,
d/b/a Hash Tree Company,

                 Defendants.

_____

Defendants Nancy Hash and the Estate of David Hash, d/b/a Hash Tree

Company move in limine to preclude Plaintiff Wilderness Development, LLC

from presenting opinion testimony at trial from its retained expert witness, Bert

Swanson, Ph. D.  The motion is properly viewed as a motion for relief under

authority of Fed. R. Civ. P. 37(c)(1).  For the reasons discussed below, the Court

deems it appropriate to deny Defendants' motion to the extent they request the full

exclusion of Dr. Swanson.  The motion will be granted to the extent that (1) Dr.

Swanson's expert testimony and opinions will be limited as detailed below, (2) the

ORDER - Page 1

Defendants will be allowed to depose Dr. Swanson, (3) the Defendants will be allowed to file supplemental or rebuttal expert reports, and (4) the Court will consider ordering Plaintiff's counsel to pay the reasonable expenses, including attorney's fees, incurred by Defendants as a result of Plaintiff's failure to comply with Fed. R. Civ. P. 26(a)(2)(B).

## I.    INTRODUCTION

This action arises from the Plaintiff's purchase of approximately 665 pine trees from the Defendants for planting on a new golf course near Eureka, Montana. Apparently, a large number of the trees became infested with beetles and died some seven months after planting.  The gravamen of the Plaintiff's claim is that the Defendants harvested the trees "at the wrong time of year[,]" causing the trees to suffer inordinate stress rendering them more susceptible to infestation by the engraver beetle, as well as other afflictions.  Doc. No. 1, Compl. ¶ 4.  The Plaintiff seeks to hold the Defendants liable for the costs of the trees and other damages sustained as a result of the trees dying.

By order entered August 5, 2008, the Court established a pretrial schedule for disposition of the case.  In accordance with the directive of Federal Rule of Civil Procedure 16(c)(2)(F), the Court, with the concurrence of counsel, directed that the parties produce a Rule 26(a)(2)(B) report with respect to any expert

witness they intended to use at trial upon the issue of liability by September 17, 2008.[1]   Subsequently, the Defendants agreed to allow the Plaintiff until September 24, 2008, to produce an expert report from Dr. Swanson.

On September 24, 2008, the office of Plaintiff's counsel sent a letter – signed by a litigation assistant – to counsel for Defendants together with a document which was purportedly Dr. Swanson's expert report.  The document, which was not signed by Dr. Swanson, included the following statement:

> This report is submitted by Sean S. Frampton, [counsel for Plaintiff,] on this 24th day of September, 2008.  This [r]eport is submitted pursuant to Rule 26, Federal Rules of Civil Procedure...[.]  Dr. Swanson is still "in the field" and has not had an opportunity to prepare a report.  This report follows a conversation with Dr. Swanson and counsel submits it in this form to keep this case timely.  Following the pertinent discovery, a full report will be prepared by Swanson and submitted to Hash.

The document represented that Dr. Swanson had reviewed thirteen specific categories of material in forming his opinions, and identified eleven specific topics on which Dr. Swanson <u>anticipated</u> offering opinions.  The document included the caveat: "[T]here is simply not enough information available from which [Dr. Swanson] can offer specific opinions" and that he would formulate his specific

---

[1]On September 17th, Plaintiff served a document titled Defendant's Rule 26(b) Expert Disclosures identifying Dr. Swanson.  The document also listed eleven opinions that Dr. Swanson was "expected" to provide.  Dkt. # 49, Ex. A.

opinions after further discovery was accomplished.  The document did set forth

what may be characterized as opinions in the following form:

> Dr. Swanson can state thus far that harvesting trees is always stressful to the tree.  Trees lose 80-90% of their root system when harvested.  More stress results to collected trees versus nursery grown trees....

> The ponderosa pines in this case should have been harvested and transplanted much earlier, like August, to reduce the likelihood of stress and promote their survivability.  Late season harvesting increases the time necessary for a tree to establish itself once it has been replanted.   It is not likely that Wilderness's watering activity contributed to the demise of the trees.

> Doc. No. 44-2 p. 3.

The Defendants move in limine for an order precluding Dr. Swanson from

offering expert opinion testimony at trial.  Defendants assert that the purported

report of Dr. Swanson fails to comply with Federal Rule of Civil Procedure

26(a)(2)(B) in the following respects:

> (1)     The report was neither prepared by or signed by Dr. Swanson; and

> (2)     The report does not contain a complete statements of Dr. Swanson's opinions and does not provide the basis and reasons for the opinions which are stated.

In response to the Defendants' motion in limine, the Plaintiff filed the

affidavit of Dr. Swanson which explained that he was engaged in other matters

during the period of time from September 15 through September 26, 2008, when

ORDER - Page 4

his expert report was due.  Doc. No. 45-2 ¶ 2.  With limited time available to devote to his review of this case, "it was not possible for [him] to formally prepare an official report.  Thus, [he] requested [Plaintiff's counsel] to prepare a preliminary report.  After the report was prepared by Plaintiff's counsel, Dr. Swanson reviewed the substance of the report and "adopted the contents" of the report."  Id. at ¶ 3.  Curiously absent from Dr. Swanson's affidavit is any statement advising the Court when he was retained, and correspondingly, the time frame he had to accomplish his evaluation.

## II.    DISCUSSION

### A.    Requirements of Rule 26(a)(2)

Federal Rule of Civil Procedure 26(a)(2)(A) requires a litigant in federal court to disclose the identity of every witness from whom the party intends to offer expert opinion testimony under Fed. R. Evid. 702 and produce an expert witness report containing the detailed information specified in Fed. R. Civ. P. 26(a)(2)(B). *See also* August 5, 2008 scheduling order at 5.

With regard to the content of an expert's written report, Rule 26(a)(2)(B) requires as follows:

(B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--*prepared and signed by the witness*--if the witness is one retained or specially employed to

ORDER - Page 5

provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the data or other information considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

The federal courts strictly enforce the expert witness disclosure requirements in Rule 26(a)(2)(B), and have the discretion to impose sanctions for an untimely or inadequate expert disclosure including the exclusion of expert witness testimony. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Exclusion of expert testimony "is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." *Id*.

ORDER - Page 6

The exclusion of an expert witness is also expressly authorized by Fed. R.

Civ. P. 37(c)(1).  *Yeti*, 259 F.3d at 1106.  Specifically, the rule states that

> [i]f a party fails to provide information or identify a witness as required by
> Rule 26(a) [...], the party is not allowed to use that information or witness to
> supply evidence on a motion, at a hearing, or at a trial, unless the failure was
> substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

Additionally, the scheduling order issued in this case warned as follows:

> An inadequate report or disclosure may result in exclusion of the expert's
> opinions at trial even though the expert has been deposed.

August 5, 2008 scheduling order at 5 (emphasis in original).

The only exceptions to the exclusionary rule are if the nondisclosure was

substantially justified or harmless, and the burden is on the party opposing the

exclusion to establish such exceptions.  *Yeti*, 259 F.3d at 1107.

## B. <u>Prepared and Signed by the Witness</u>

Defendants argue that because the "report" of September 24 was not

prepared or signed by Dr. Swanson, his opinion testimony should be excluded at

trial as an appropriate sanction for Plaintiff's noncompliance with Rule

26(a)(2)(B).

Rule 26(a)(2)(B) specifically states that an expert's written report must be

"prepared and signed by the witness[.]"  The intent of the rule, however, leaves

ORDER - Page 7

room for a litigant's counsel to provide some assistance to the expert in preparing the report.

> Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed [in some cases] this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

Fed. R. Civ. P. 26, 1993 Advisory Committee Notes.  Therefore, where the expert did not directly "put[] pen to paper (or fingers to keyboard)" in drafting the actual report, the report may still be adequate if the report is, in substance, that of the expert, the expert provides substantial input in the preparation of the report, and counsel prepares the report based on extensive discussions with the expert. *Crowley v. Chait*, 322 F. Supp. 2d 530, 543-545 (D.N.J. 2004) (citation omitted).

In this case, Plaintiff asserts Dr. Swanson's report was prepared by its counsel at the direction of Dr. Swanson.  Plaintiff's counsel spoke with Dr. Swanson by telephone regarding the report.  Aff. of Swanson ¶¶ 2-3.  Dr. Swanson states he reviewed limited exhibits, but that he discussed his thoughts with Plaintiff's counsel who prepared the report pursuant to their discussions.  *Id*. ¶ 3. When the report was finalized Plaintiff's counsel reviewed the content and accuracy of the report with Dr. Swanson.  *Id*.

ORDER - Page 8

In view of Dr. Swanson's affidavit testimony, the Court concludes the report was, in substance, prepared by Dr. Swanson in view of his involvement in the preparation of the report.  Although Dr. Swanson did not directly engage in the physical act of drafting the report, he sufficiently prepared, revised, and adopted the report for purposes of Rule 26(a)(2)(B).  Consequently, the exclusion of his report is not warranted on this basis alone.  *See Crowley*, 322 F. Supp. 2d at 545.

It is undisputed that Dr. Swanson did not sign the expert report submitted to Defendants on September 24, 2008.  Under appropriate circumstances, however, the absence of an expert's signature is curable, thereby rendering the defect harmless.  As long as the report is otherwise sufficiently in compliance with the requirements of Rule 26(a)(2)(B), an expert may submit a subsequent affidavit adopting the statements in his or her previously submitted and unsigned expert report. *Jenkins v. Bartlett*, 487 F.3d 482, 488 (7th Cir. 2007).  *But cf. Kummer v. Skorheim*, 2006 WL 5230017, *1-2 (D. Mont. 2006) (excluding expert in the absence of the expert's signature on the report, but where the expert report patently failed to comply with the other requirements of Rule 26(a)(2)(B)).

Dr. Swanson's affidavit in this case is sufficient to cure the absence of his signature on his expert report.  He states that upon his review of the report Plaintiff's counsel prepared at his direction he "adopted the contents of the

ORDER - Page 9

report[.]"  Aff. of Swanson ¶ 3.  Therefore, the absence of Dr. Swanson's signature

is harmless.  The question remains, however, whether the report otherwise

complies with the substantive requirements of Rule 26(a)(2)(A).

**C.**     **Basis and Reasons for Expert Opinions**

Defendants also assert that Dr. Swanson's report does not sufficiently set

forth the basis and reasons for any of the opinions stated - a violation of Rule

26(a)(2)(B)(i) that Defendants argue warrants the exclusion of Dr. Swanson's

testimony.

The purpose of the detailed and specific disclosure requirements of Rule

26(a)(2)(B) is to provide full information so the parties can prepare for effective

and efficient discovery:

> The reason for requiring expert reports is "the elimination of unfair surprise
> to the opposing party and the conservation of resources."  The test of a
> report is whether it was sufficiently complete, detailed and in compliance
> with the Rules so that surprise is eliminated, unnecessary depositions are
> avoided, and costs are reduced.

*Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J. 1996) (citations omitted).

> An expert report should be sufficiently complete as to include the substance
> of what the expert is expected to give in direct testimony, and the reasons
> for such testimony. The report should offer the "how and why" of the
> results, not mere conclusions.

ORDER - Page 10

*Allgood v. General Motors Corp.*, 2006 WL 2669337, \*4 (S.D. Ind. 2006) (citing

*Salgado v. General Motors Corp.*, 150 F.3d 735, 741-742 & n.6 (7th Cir. 1998)).

An expert witness report which is preliminary in nature, "devoid of any

factual basis for its conclusory opinions", and prepared without review of

"discovery materials" is defective and warrants the exclusion of the expert's

testimony at trial. *Salgado*, 150 F.3d at 738, 741-42. The opposing party has the

right to know the expert's substantive conclusions, and the offering party must

strictly comply with Rule 26(a)(2)(B) in disclosing those opinions. *Id*. at 742 &

n.6. Bald conclusions of an expert witness, or brief statements of ultimate

conclusions with no explanation of the basis and reasons therefore, or the absence

of a statement of how the facts support the conclusions, do not satisfy the Rule

26(a)(2)(B) requirements. *Giladi v. Strauch*, 2001 WL 388052, \*4-5 (S.D.N.Y.

2001).

As discussed, Dr. Swanson's report includes limited generalized statements

relative to the process of harvesting trees, and it includes limited opinions specific

to the facts of this case. *See* supra, at 4. The report, however, is totally devoid of

the "how and why" of the opinions – failing to state the bases or reasons for his

conclusions or how the facts support those conclusions. Dr. Swanson formulated

his opinions upon review of the thirteen listed items of information but without the

ORDER - Page 11

benefit of any discovery materials because no materials had been provided to him

by September 24, 2008.  The report does not articulate, to any degree, those facts

gleaned from the materials reviewed that support the opinions given.  Under the

legal authorities discussed above, the unsupported conclusory opinions stated in

the report fail to satisfy the requirement of Rule 26(a)(2)(B)(i).

Plaintiff attempts to justify the limited nature of Dr. Swanson's expert report

by asserting the report is incomplete due to the lack of discovery in this case.  The

fact that a party does not timely accomplish the discovery necessary to the

formulation of an expert opinion does not operate to unilaterally extend the expert

disclosure deadlines established in a Fed. R. Civ. P. 16 pretrial scheduling order.

Plaintiff's inability to complete discovery and finalize Dr. Swanson's report

within the time frame established by the Court's August 5, 2008, scheduling order

is a product of Plaintiff's choosing.  Plaintiff does not suggest it was precluded –

by forces beyond its control - from timely accomplishing the discovery necessary

to allow Dr. Swanson to conduct an informed evaluation.[2]  A party's inability to

prepare an expert report within the discovery and expert disclosure deadlines set

---

[2]For example, Plaintiff argues the inadequate disclosure should be excused
because Plaintiff had not yet taken the depositions of Defendants' employees at
the time of the disclosure deadline.  Dkt. # 45, p. 3.  Likewise, Plaintiff seeks to be
excused because the depositions of Plaintiff's third-party contractors were not
scheduled until December 2008.

ORDER - Page 12

forth in a scheduling order does not excuse compliance with the requirements of

Rule 26(a)(2)(B).  *See Salgado*, 150 F.3d at 741.  Moreover, the Plaintiff could

have, but did not file a motion to extend the expert disclosure deadline.[3]

Plaintiff also argues it should be entitled to supplement Dr. Swanson's

report following his review of further materials produced through discovery.  The

disclosing party has the burden to supplement or correct an expert disclosure as

required under Fed. R. Civ. P. 26(e)(1) "if the party learns that in some material

respect the disclosure [...] is incomplete or incorrect[.]"  Fed. R. Civ. P.

26(e)(1)(A).  Plaintiff has not presented any supplemental report from Dr.

Swanson which the Court could review for compliance with Rule 26(e).  More

importantly, Plaintiff is not simply seeking to supplement Dr. Swanson's report of

September 24, 2008 - a report which was never completed.  Rather, Plaintiff is

attempting to impermissibly use a "supplemental" report to set forth the

"information, reasoning and opinions that Rule 26 [required to] be disclosed in the

---

[3]The Plaintiff's actually resisted a motion to extend the discovery deadline filed by the Defendants on October 28, 2008, because additional time to accomplish depositions was needed.  Dkt. Nos. 28 & 29.  Ironically, these are the third-party contractors depositions that Plaintiff now states were needed for Dr. Swanson to complete his evaluation.

ORDER - Page 13

critical initial disclosure." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998).[4]

### D.    Sanction for Noncompliance with Rule 26(a)(2)(B)

Federal Rule of Civil Procedure 37 provides that where a party fails to satisfy the disclosure requirement of Rule 26(a)(2)(B), the party is not allowed to use the expert witness to supply evidence at trial, "unless the failure was substantially justified or is harmless."  Rule 37(c)(1) provides the court with latitude in considering whether to impose sanctions in addition to or instead of exclusion of the witness - sanctions which include the payment of reasonable expenses and attorney's fees caused by the failure as well as other appropriate sanctions tailored to the specific circumstances of the case.  Fed. R. Civ. P. 37(c)(1).

The Plaintiff's failure to comply with the mandate of Rule 26(a)(2)(B) was not substantially justified nor is it harmless.  The Court will not condone an inexcusable failure to provide an adequate Rule 26(a)(2)(B) disclosure in accordance with the deadlines established in a scheduling order.

---

[4]More recently, Plaintiff filed the affidavit of Dr. Swanson in support of its opposition to Defendants' motion for summary judgment.  Dkt. # 48-8.  The affidavit sets forth various opinions regarding the "standard of care" and causation.  The affidavit does not provide the bases or reasons for the opinions, but again simply states the opinions in conclusory fashion.

The Defendants argue the appropriate sanction is to exclude any opinions or testimony from Dr. Swanson.  In considering whether to exclude an expert as a sanction for noncompliance with Rule 26(a)(2)(B), the court is obligated to strike the proper balance among the following five competing factors:

> 1) the public's interest in expeditious resolution of litigation; 2) a court's need to manage its docket; 3) risk of prejudice to the [party seeking sanctions]; 4) public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions.

*Keener*, 181 F.R.D. at 641 (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)).

Despite Plaintiff's glaring failure to comply with Rule 26(a)(2)(B), consideration of the five factors delineated in *Keener* counsels in favor of a less drastic sanction than exclusion of Dr. Swanson as a witness in the case.  Given the nature of this case, excluding Dr. Swanson's testimony would be tantamount to rendering a default judgment against the Plaintiff, as it would be left without essential expert testimony on the pertinent standard of care and the issue of causation.[5]

---

[5]Contemporaneously with the filing of their motion for sanctions, the Defendants moved for summary judgment upon, inter alia, the Plaintiff's claims for negligence and negligent misrepresentation.  The Defendants predicate their motion upon the assertion that Plaintiff has presented no expert testimony necessary to establish the pertinent standard of care and the issue of causation as required by the controlling substantive law of Montana.  *See Carlson v. Morton*,

ORDER - Page 15

Here, the public's interest in expeditious resolution of litigation would support an order of preclusion as a means of promoting litigants' compliance with the Rules of Civil Procedure. *Keener*, at 642. The public policy favoring disposition of cases on their merits, however, weighs heavily against preclusion if the practical effect is a default judgment and less drastic sanctions are available that will alleviate prejudice to the Defendant. Under the circumstances of this case, there are a number of less drastic alternatives that, in combination, will allow the claims to be disposed of on the merits without prejudice to the Defendants.

First, Plaintiff will be permitted to rely only upon the opinions that are set forth in Dr. Swanson's affidavit of February 26, 2009, with the exception of the opinion stated at paragraph 3 of the affidavit.[6] Second, Dr. Swanson shall, on or before Friday, March 13, 2009, file a disclosure which complies in every respect with Rule 26(a)(2)(B). Third, after Dr. Swanson's report is served, the Defendants may depose Dr. Swanson on or before April 17, 2009, at a time convenient to the Defendants. Fourth, the Defendants may serve, on or before May 8, 2009, a

_____

229 Mont. 234, 745 P.2d 1133 (1987) (standard of care); *Dayberry v. City of East Helena*, 2003 MT 321, ¶ 17, 318 Mont. 301, 80 P.3d 1218.

[6]The only exception is the opinion stated in paragraph 3. This opinion impermissibly attempts to provide a rebuttal opinion about the validity of another witness's opinion and will not be allowed. *See Keener*, 181 F.R.D at 642.

ORDER - Page 16

supplemental or rebuttal report for any of its previously identified expert

witnesses.  Fifth, neither Dr. Swanson, nor any other expert retained by Plaintiff,

will be allowed to expand upon any of the opinions stated in their disclosures

either by way of supplementation or rebuttal.

In order to ensure that the Defendants do not suffer economic prejudice

resulting from Plaintiff's noncompliance with the disclosure requirement of Rule

26(a)(2)(B), Plaintiff's counsel shall show cause why he should not be ordered to

pay the reasonable expenses, including attorney's fees, that have been incurred by

the Defendants in relation to the following:

> (1) the presentation of their motion requesting the Court to exclude the expert testimony of Dr. Swanson; and

> (2) the presentation of their motion for summary judgment as it pertained to the Plaintiff's claims of negligence, negligent misrepresentation and breach of contract.

In this regard, the Defendants shall, on or before March 23, 2009, file a

submission, with appropriate affidavits, detailing the expenses and fees incurred in

relation to the referenced motions.  Plaintiff's counsel may file a response on or

before April 13, 2009, and shall advise the Court of whether Plaintiff's counsel

requests a hearing regarding an award of expenses, including attorney's fees.

ORDER - Page 17

Therefore, for the reasons set forth herein IT IS HEREBY ORDERED that Defendants' First Motion in Limine to Exclude Expert Testimony, properly characterized as a Rule 37(c) motion, is GRANTED to the extent set forth herein and in all other respects DENIED.

DATED this 5th day of March, 2009.


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

ORDER - Page 18